# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                                                                     Case No: 3:99cr3/RV
                                                                                                                                  3:05cv164/RV/MD

JEFFERY SCOTT DURHAM

---

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (doc. 136). This motion is not in the proper form as required by the Local Rules, in that defendant has not properly completed the form and has exceeded the page limit without leave of court. However, requiring amendment would be futile, as the motion is subject to summary dismissal. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the apparent that the motion is an attempt to relitigate issues that were or could have been raised on direct appeal and that it should be summarily dismissed.

## I. BACKGROUND

Defendant was convicted after a jury trial of several counts of armed bank robbery, possession of a firearm during and in relation to a crime of violence and possession of a firearm by a convicted felon.  He was sentenced to a term of 1,047 months imprisonment.  His conviction was affirmed on appeal on August 20, 2003 and a petition for a writ of certiorari was denied on May 17, 2004.  In the instant motion, defendant raises three grounds for relief: (1) the district court denied him his right to a fair and impartial jury due to its failure to inquire about pretrial publicity; (2) the district court deprived him of a fair trail and meaningful right of self-representation; and (3) his fifth and sixth amendment rights were violated by the combination of security arrangements used at his trial.

## II. LEGAL ANALYSIS

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Rowan,* 663 F.2d 1034, 1035 (11th Cir. 1981).   Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  *Nyhuis*, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").   Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  *Lynn v. United*

*States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Each of the issues raised by the defendant in this motion[1] were raised and rejected on appeal. As noted by the defendant in his memorandum, the entirety of the appellate court's discussion of the issues was as follows:

> After a thorough review of the record and upon consideration of the parties' briefs, we find that the district court did not abuse its discretion during jury selection, properly denied Durham's motions to continue and to suppress, and did not abuse its discretion in implementing security measures at trial.

(Doc. 136, appendix A at p. 2-3). The fact that defendant may have preferred a lengthier written presentation of the court's analysis is not tantamount to an entitlement to relitigate the same issues and arguments before this court under the guise of collateral review.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 136) be summarily DISMISSED.

At Pensacola, Florida, this 11th day of May, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]Defendant raised one additional issue on appeal that was not raised here.

*Case No: 3:99CR3/RV; 3:05CV164/RV/MD*

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**