**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.  **Case No: 3:99cr3/RV
3:05cv164/RV/MD**

**JEFFERY SCOTT DURHAM**

---

## ORDER

Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law was docketed on May 9, 2005. (Doc. 136).[1] On May 11, 2005, after prompt review of the motion, this court entered a report and recommendation that the motion be summarily denied because it was clearly an attempt to relitigate issues that had been decided adversely to the defendant on direct appeal.[2]

Five days later, the clerk received and docketed defendant's handwritten "addendum to his petition for habeas corpus under 28 U.S.C. § 2255 filed in this action." (Doc. 138). There was no accompanying motion for leave to amend the

---

[1] The motion was filed pursuant to the prison mailbox rule on May 4, 2005. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

[2] In the recommendation, the court noted that the motion was not in the proper form as required by the Local Rules, in that defendant had not properly completed the form and had exceeded the page limit without leave of court. Because dismissal was warranted, correction of these technical deficiencies was unnecessary.

pending motion as required by Local Rule 15.1. Defendant has also filed objections to the recommendation. (Doc. 139). In the objections, he makes no attempt to challenge the court's conclusion that the issues raised on the initial § 2255 form are not cognizable. However, he objects to the court's dismissal of his "addendum" without substantive consideration by the court and claims that he should be given the opportunity to amend the claims raised therein to factually develop them.

Clearly, the "addendum" was not considered by the court in entering the recommendation because it did not arrive until after the court's consideration of defendant's initial submission. The reason for defendant's failure to include all of his claims in the initial submission is not apparent from the record, but generally, such piecemeal filings are not permitted. Due to the defendant's pro se status, the court will liberally construe the "addendum" as a motion for leave to amend the pending § 2255 motion to include the ineffective assistance of counsel claims set forth therein. Because the motion to amend appears to be timely filed, this motion will be granted. However, defendant will be required to present his claims on the proscribed form in the proper format. In amending, defendant must completely fill out the § 2255 form. He must fill in all blanks and not merely make reference to attachments, if any. He should limit his claims to those raised in the addendum, as, for the reasons explained in the court's previous recommendation, the claims raised in his initial motion are not cognizable on collateral review. Furthermore, any claims that do not relate back to the claims raised in the addendum may be time barred.

Accordingly, it is ORDERED:

The court's recommendation entered on May 11, 2005 is hereby VACATED.

The defendant's "addendum to petition for habeas corpus," construed as a motion to amend (doc. 138) is GRANTED.

The clerk is directed to send to the defendant a copy of the form for use in § 2255 cases. This case number and the word "AMENDED" should be written on the

form.  Within thirty days from the date of this order, defendant shall submit an amended motion, as directed herein, and one identical service copy of the motion.

Failure to timely comply with this order may result in a recommendation that § 2255 relief be denied.

DONE AND ORDERED this 1st day of June, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**